John Meyer, MT Bar # 11206
Cottonwood Environmental Law Center
P.O. Box 412
Bozeman, MT 59771
(406) 546-0149
john@cottonwoodlaw.org

*Counsel for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER, <br><br> *Plaintiff,* <br><br> vs. <br><br> YELLOWSTONE MOUNTAIN CLUB LLC, <br><br> *Defendant.* | Case No. 2:23-cv-00026-BMM <br><br><br> **FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

# INTRODUCTION

1. The Gallatin River in southwest Montana is fabled for its clean water, amazing scenery, and abundance of fish. Parts of the movie "A River Runs Through It" were filmed on the Gallatin River. People come from all over the world to enjoy the river and surrounding area.

2. Defendant Yellowstone Club is unlawfully impairing the water quality of the Gallatin River and its tributaries by discharging water pollution into the waters of the United States without a permit.

3. The Gallatin River and its tributaries, including the South Fork/West Fork of the Gallatin River and Second Yellow Mule Creek have suffered from severe algae blooms for the last five years as a result of Defendant's golf course management practices.

4. The Yellowstone Club has violated the Clean Water Act and Montana's civil and criminal nuisance laws.

# PARTIES

5. Plaintiff Cottonwood Environmental Law Center is a Bozeman-based nonprofit conservation organization that is dedicated to protecting the people, forests, water, and wildlife of the West by enforcing environmental laws on behalf of its members. Cottonwood members use the Gallatin River and its tributaries for fishing, swimming, rafting, kayaking, photography, and guiding. Cottonwood members'

interests in the Gallatin River watershed are adversely affected by Defendants' violations of state and federal laws.

6. Cottonwood is a resident of Montana and has a mailing address at P.O. Box 412, Bozeman, MT 59771.

7. Cottonwood members have suffered and continue to suffer injury-in-fact on account of Defendant's violations as alleged herein. The injuries-in-fact are traceable to Defendant's conduct and would be redressed by the relief Plaintiff seeks.

8. Defendant Yellowstone Mountain Club, LLC is a 15,200-acre private residential, ski, and golf resort located in Big Sky, Montana.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the Clean Water Act claim pursuant to CWA, 33 U.S.C. § 1365(a)(2).

10. This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S. Code § 1367.

11. The Montana civil nuisance claim is brought pursuant to Montana Code Annotated §27-30-103.

12. The Montana criminal nuisance claim is brought pursuant to Montana Code Annotated §45-8-112(1).

13. Venue in the United States District Court for the District of Montana is proper under 33 U.S.C. § 1365 (c) because Defendant's violations have occurred within this district.

## LEGAL BACKGROUND

20. "Congress enacted the CWA in 1948 with the goal of *eliminating* the discharge of pollutants in order to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." *N. Cheyenne Tribe v. Mont. Dept. of Envtl. Quality*, 2010 MT 302, ¶ 21, 356 Mont. 296, 302, 234 P.3d 51, 55 (2010) (emphasis in original) (citing 33 U.S.C. §1251(a)). "Congress developed the NPDES [National Pollution Discharge Elimination System] permit system to achieve this goal." *Id*; (citing 33 U.S.C. §§1342 and 1311).

21. The CWA requires a NPDES permit for each and every point source discharge into a navigable waterway. 33 U.S.C. § 1342. "[T]he discharge of any pollutant by any person shall be unlawful" unless the discharge is made pursuant to and is authorized by a NPDES permit. 33 U.S.C. §§ 1311(a) and 1342(a). "The primary means for enforcing [water quality] limitations and standards is the NPDES [program]." *Arkansas v. Oklahoma*, 503 U.S. 91, 101-02 (1992).

22. The CWA defines "discharge of a pollutant" as "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12).

23. The CWA defines "point source" as a "discernable, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well ... from which pollutants are or may be discharged." 33 U.S.C. § 1362(14).

24. The CWA broadly defines a "pollutant" as "dredged spoil, solid waste,

incinerator residue, sewage, garbage, sewage sludge, munitions, chemical wastes, biological materials, radioactive materials, heat, wrecked or discarded equipment, rock, sand, cellar dirt and industrial, municipal, and agricultural waste discharged into water." 33 U.S.C. § 1362(6).

25. The CWA defines "person" as "an individual, corporation, partnership, association, State, municipality, commission, or political subdivision of a State, or any interstate body." 33 U.S.C. § 1362(5).

26. The Environmental Protection Agency (EPA) administers NPDES permits unless a state has enacted its own enforcement program, in which case EPA's Administrator (Administrator) must have approved the state's program. 33 U.S.C. § 1342(a). Montana has elected to administer its own permit program – the MPDES program – which is under the control of the DEQ. Mont. Code Ann. §§ 75-5-402, 75-5-211; A.R.M. 17.30.101, 17.30.1201. Once delegated to a state, the state "stands in the shoes" of EPA, and states are obligated to implement all of the CWA's requirements for the NPDES program. *N. Cheyenne*, ¶ 37.

27. The citizen suit provision of the CWA authorizes "any citizen" to "commence a civil action on his own behalf" in federal district court against any person who is alleged to be in violation of "an effluent standard or limitation" of the Act. 33 U.S.C. § 1365(a).

28. Montana Code Annotated § 27-30-101 defines a civil "nuisance" as:

Anything that is injurious to health, indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or that unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, river, bay, stream, canal, or basin or any public park, square, street, or highway is a nuisance.

29. Montana Code Annotated § 45-8-111(1)(a), MCA defines a criminal "public nuisance" as:

(a) a condition that endangers safety or health, is offensive to the senses, or obstructs the free use of property so as to interfere with the comfortable enjoyment of life or property by an entire community or neighborhood or by any considerable number of persons.

30. Any resident of the State of Montana may bring an action in equity to enjoin a criminal public nuisance pursuant to Section 45-8-112(1), MCA, 2021.

## FACTUAL BACKGROUND

31. Plaintiffs sent the Defendant a 60-day notice of intent to bring suit for violation of section 301(a) of the federal clean water act, 33 U.S.C §1311(a) (unpermitted discharge) on October 4, 2022.

32. Defendant Yellowstone Club over irrigates its golf course such that Nitrogen pollution reaches the South Fork/West Fork of the Gallatin River.

33. Defendant Yellowstone Club's golf course is adjacent to Second Yellow Mule Creek which is a tributary of the South Fork/West Fork of the Gallatin River. An unnamed tributary of the South Fork/West Fork of the Gallatin River also starts on the Yellowstone Club Golf Course (pictured below).



34. The photo above is a water hazard on the Yellowstone Club's golf course that drains into the South Fork.

35. The water hazard is a point source. *E.g., Cottonwood Envtl. L. Ctr. v. Edwards*, 595 F. Supp. 3d. 935, 944 (D. Mont. 2022).

36. The point source water hazard is conveying/adding treated sewage and/or nitrogen pollution to the South Fork/West Fork.

37. The unnamed tributary that is fed from the water hazard on the Yellowstone Club's golf course carries nitrogen pollution that is 26 times the amount of the receiving surface water of the South Fork/West Fork of the Yellowstone Club.

38.



**Cottonwood Environmental Law Center**
P.O. Box 412
Bozeman, MT 59771

Reported: 10/04/2022 07:58

**Project Name: Yellowstone Club 9-19-2022**

Client Sample ID: #4 Upstream of Golf Course
Lab Sample ID: 2209373-04

Collection Date: 09/19/2022 10:59
Collected By: Isaac Cheek

Date Received: 09/19/2022

| Analyte | Result | Units | RL | Qual | MCL | Method | Analysis Date/By |
|---|---|---|---|---|---|---|---|
| **Inorganic** | | | | | | | |
| Nitrate + Nitrite as N | 0.0732 | mg/L | 0.05 | | 10 | EPA 300.1 | 09/19/22 21:30/DJA |
| Nitrogen, Total (TKN+N+N) | 0.0732 | mg/L | 0.05 | | | Calculation | 10/03/22 11:34/DJA |



**Cottonwood Environmental Law Center**
P.O. Box 412
Bozeman, MT 59771

Reported: 10/04/2022 07:58

**Project Name: Yellowstone Club 9-19-2022**

Client Sample ID: #3 Golf Course Stream
Lab Sample ID: 2209373-03

Collection Date: 09/19/2022 10:52
Collected By: Isaac Cheek

Date Received: 09/19/2022

| Analyte | Result | Units | RL | Qual | MCL | Method | Analysis Date/By |
|---|---|---|---|---|---|---|---|
| **Inorganic** | | | | | | | |
| Nitrate + Nitrite as N | 1.28 | mg/L | 0.05 | | 10 | EPA 300.1 | 09/19/22 20:51/DJA |
| Nitrogen, Total (TKN+N+N) | 1.87 | mg/L | 0.05 | | | Calculation | 10/03/22 11:34/DJA |

39. The Yellowstone Club is violating the Clean Water Act by maintaining the water hazard, which is responsible for adding nitrogen/treated sewage into the South Fork/West Fork of the Gallatin.

40. Defendant Yellowstone Club sprayed treated sewage in fields

near its holding ponds – not on the golf course – without a National Pollution Discharge Elimination System Permit (pictured below).



20. The sprinklers are point sources.

21. The Yellowstone Club is violating the Clean Water Act because the point source sprinklers are spraying nitrogen pollution/treated sewage that reaches Second Yellow Mule Creek and ultimately the South Fork/West Fork of the Gallatin River.

22. The Yellowstone Club's golf course, its sprinklers, and its water hazard are all point sources that add/discharge nitrogen pollution/treated sewage into the South Fork/West Fork of the Gallatin River.

Complaint - 9



38. Defendants did not have, and do not currently have, an NPDES permit authorizing any of these past and ongoing pollution discharges in violation of 33 U.S.C. §§ 1311(a) and 1342(a).

39. Defendants' unpermitted and unlawful discharge of treated sewage onto the golf course, adjacent fields, and ultimately into Second Yellow Mule Creek, the South Fork/West Fork, and main stem of the Gallatin River is a public nuisance as defined by MCA §27-30-101(1), 2021.

41. The unlawful and unpermitted discharges are a "nuisance" in violation of § 27-30-101, MCA, 2021 because the resulting green algae blooms are offensive to the senses and obstruct the free use of the West Fork and main stem of the Gallatin River for swimming, boating, rafting, and fishing in a way that interferes with the comfortable enjoyment of life.

42. Defendants' unpermitted and unlawful discharges of treated sewage onto the golf course, adjacent fields, and ultimately into Second Yellow Mule Creek, the West Fork, and main stem of the Gallatin River are a criminal nuisance in violation of MCA §45-8-111.

43. The unpermitted discharges are a criminal nuisance because the resulting algae is offensive to the senses. MCA § 45-8-111(1)(a).

45. Defendants are maintaining a criminal nuisance in violation of MCA § 45-8-111(2) by refusing to cease the illegal discharges.

46. The unpermitted discharges are a criminal nuisance because they obstruct the free use of the West Fork and main stem of the Gallatin River so as to interfere with the comfortable enjoyment of life. MCA §45-8-111(1)(a).

## CLAIMS FOR RELIEF

### I. <u>Defendant violated the Clean Water Act.</u>

Plaintiff realleges and incorporates by reference all preceding paragraphs.

41. Defendant has violated and continues to violate section 301 of the Clean

Water Act, 33 U.S.C. § 1311(a), by discharging pollutants, including Nitrite + Nitrate as N, Total Nitrogen, and treated sewage into Second Yellow Mule Creek, the South Fork/West Fork of the Gallatin River, and ultimately the main stem of the Gallatin River from point sources, including the point sources described above, without an NPDES permit.

## II. **Defendant violated Montana's criminal nuisance law.**

42. Plaintiff realleges and incorporates by reference all preceding paragraphs.

43. Defendant violated and continues to violate Montana's criminal nuisance law MCA §45-8-111(1)(a) by discharging pollutants into Second Yellow Mule Creek, the South Fork/West Fork of the Gallatin River, and ultimately the main stem of the Gallatin River.

44. The Yellowstone Club's unlawful and unpermitted pollution discharges obstruct the public and Cottonwood members' use of the Gallatin River South Fork/West Fork of the Gallatin.

45. The algae blooms that have resulted because of the Yellowstone Club's unpermitted and unlawful pollution discharges is offensive to the senses in violation of MCA §45-8-111.

46. Defendant's activities are a nuisance to Cottonwood members and the good people of Montana.

## III. **Defendant violated Montana's civil nuisance law.**

47. Plaintiff realleges and incorporates by reference all preceding paragraphs.

48. Defendant violated and continues to violate Montana's civil nuisance law MCA § 27-30-101, by discharging pollutants into Second Yellow Mule Creek, the South Fork/West Fork of the Gallatin River, and ultimately the main stem of the Gallatin River.

49. The Yellowstone Club's unlawful and unpermitted pollution discharges obstruct the public and Cottonwood members' use of the Gallatin River South Fork/West Fork of the Gallatin for fishing, rafting, and swimming.

50. The algae blooms that have resulted because of the Yellowstone Club's unpermitted and unlawful pollution discharges are offensive to the senses in violation of Montana Code Annotated § 27-30-101; § 27-30-103.

51. Defendant's activities are a civil nuisance to Cottonwood members and the good people of Montana.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Declare, hold, and adjudge that Defendants have violated and continue to violate Section 301 of the Clean Water Act by discharging pollutants to navigable waters without a NPDES permit.

B. Enjoin Defendants from further discharging pollutants to the South

Fork/West Fork, Second Yellow Mule Creek, and any other waters of the United States except as expressly authorized by the CWA and the limitations and conditions of an applicable NPDES Permit.

C. Enjoin construction activities, including but not limited to new sewer connections in the Yellowstone Club until an adequate waste water disposal plan is in place.

D. Declare, hold, and adjudge that Defendant has violated civil and criminal nuisance statutes.

E. Order Defendant to take actions to remediate environmental harm caused by their unlawful actions.

F. Require Defendant to pay civil penalties for violations of the Clean Water Act and nuisance laws.

G. Award Plaintiff its reasonable litigation costs and expenses, including attorney and expert fees, incurred in bringing this action.

H. Award damages for the civil and criminal nuisances.

I. Award such other relief as the Court may deem just and proper.

DATED this 10th day of July, 2023.

Respectfully Submitted,

/s/ John Meyer
JOHN MEYER, MT Bar # 11206

Cottonwood Environmental Law Center
P.O. Box 412
Bozeman, MT 59771
(406) 546-0149
john@cottonwoodlaw.org

*Counsel for Plaintiffs*