IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER, | Cause No. CV-23-26-BU-BMM |
| Plaintiff, | ORDER |
| vs. | |
| YELLOWSTONE MOUNTAIN CLUB, LLC, | |
| Defendant. | |

## INTRODUCTION

Cottonwood Environmental Law Center ("Cottonwood") filed suit against the Yellowstone Mountain Club, LLC ("Yellowstone Club") and Spanish Peaks Mountain Resort. *Cottonwood Env't Law Ctr., et al., v. Yellowstone Mountain Club, LLC, et al.*, No. CV-21-93-BU-BMM, 2022 U.S. Dist. LEXIS 182619, at *1 (D. Mont. Oct. 5, 2022). Cottonwood challenged the Yellowstone Club's and Spanish Peaks Mountain Resort's alleged discharge of treated sewage water under the Clean Water Act ("CWA"). *Id.* Yellowstone Club filed a motion to dismiss for lack of jurisdiction and failure to state a claim on March 4, 2022. *Id.* The Court held a hearing on the motion on May 19, 2022.

1

Cottonwood filed a notice of voluntary dismissal on October 4, 2022. (*Cottonwood I*, Doc. 63.) The Court granted the motion to dismiss on October 5, 2022. (*Cottonwood I*, Doc. 64.) The Court found that Cottonwood had failed to provide the statutorily required notice of the alleged CWA violation to Yellowstone Club. *Cottonwood I*, 2022 U.S. Dist. LEXIS 182619 at *5.

Cottonwood filed the Complaint in this action on April 26, 2023. (Doc. 1.) Yellowstone Club filed a Motion to Dismiss and a Motion for Attorney Fees, Costs, and Stay of Proceedings on June 26, 2023. (Doc. 2; Doc. 7.) Cottonwood filed an Amended Complaint on July 10, 2023. (Doc. 13.) The Amended Complaint contains the following three causes of action: (I) CWA Violation; (II) Criminal Nuisance Violation of Mont. Code Ann. § 45-8-111; and (III) Civil Nuisance Violations of Mont. Code Ann. §§ 27-30-101 and 27-30-103. (*Id.* at 11–13.) Cottonwood filed a response to Yellowstone Club's Motion for Attorney Fess, Costs, and Stay of Proceedings on July 11, 2023. (Doc. 14.) Yellowstone Club filed a Reply regarding the Motion for Attorney Fees, Costs, and Stay of Proceedings on July 25, 2023. (Doc. 20.)

Yellowstone Club filed a Partial Motion to Dismiss the Amended Complaint on July 24, 2023. (Doc. 17.) Yellowstone Club sought to dismiss Count II and Count III of the Amended Complaint. (*Id.*) Cottonwood never filed a Response to Yellowstone Club's Motion to Dismiss the Amended Complaint. Cottonwood

claimed to have confusion as to the status of Yellowstone Club's Motion to Dismiss the Amended Complaint due to a minute entry in the Court's docket regarding the denial of Yellowstone Club's motion to dismiss Cottonwood's original complaint. (Doc. 21.)

The Court's minute entry indicated that Yellowstone Club's motion to dismiss Cottonwood's initial complaint had been rendered moot by Cottonwood's filing of its Amended Complaint. (*Id.*) The Court could have dismissed Cottonwood's Amended Complaint at that point as "[f]ailure to file a response brief may be deemed an admission that the motion is well-taken." D. Mont. Civ. L. R. 7.1(d)(1)(B)(ii). The Court held a hearing on Yellowstone Club's motions on August 31, 2023. (Doc. 23.) The Court allowed Cottonwood to defend against Yellowstone Club's Motion to Dismiss the Amended Complaint at the hearing. (*Id.*)

## STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to seek dismissal when a court lacks subject matter jurisdiction over a claim. *See* Fed. R. Civ. P. 12(b)(1). "[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction." *Shulman v. Kaplan*, 58 F.4th 404, 407 n.1 (9th Cir. 2023) (quoting *Naruto v. Slater*, 888 F.3d 418, 425 n.7 (9th Cir. 2018)). A Court shall dismiss a case under Fed. R. Civ. P. 12(b)(1) when the claimant lacks Article III standing. "Lack of statutory standing is appropriately raised in a Rule 12(b)(6)

motion to dismiss." *Bonanini v. Kids Behavioral Health of Mont., Inc.*, No. CV 19-33-BU-BMM-KLD, 2020 U.S. Dist. LEXIS 111680, at *4 (D. Mont. June 5, 2020) (citing *Freedom From Religion Found., Inc. v. Weber*, No. CV 12-19-M-DLC, 2012 U.S. Dist. LEXIS 168190, at *5 (D. Mont. Nov. 27, 2012)). A Court shall dismiss a case under Fed. R. Civ. P. 12(b)(6) when the claimant lacks statutory standing to bring their claims. *Id.*

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal proves appropriate under Rule 12(b)(6) where the complaint lacks sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hospital Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face to survive a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

## DISCUSSION

Yellowstone Club filed a motion to dismiss Count II and Count III of Cottonwood's Amended Complaint. (Doc. 17.) Yellowstone Club contends that this Court's lack of jurisdiction and Cottonwood's failure to state a claim for relief

require dismissal. Cottonwood never responded to this motion. Cottonwood argued at the hearing on the motion that Cottonwood has standing to bring both the public nuisance and criminal nuisance claims. Montana law applies concerning Cottonwood's standing to bring statutory nuisance claims. *See Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906, 1913-15 (2022); *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1107–08 (9th Cir. 2013).

Cottonwood may assert standing on behalf of its members in support of its claims for nuisance, provided that it demonstrates: "1) its members would otherwise have standing to sue in their own right; 2) the interests it seeks to protect are germane to the organization's purpose; and 3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977). Cottonwood seeks to assert associational or organizational standing through two of its members, Yvon Chouinard ("Chouinard"), the founder of Patagonia, Inc., a recreational clothing and equipment company, and Quinn O'Connor ("O'Connor"), a local resident who fishes in the Gallatin River. (Doc. 24; Doc. 25.)

### a. Whether Cottonwood Possesses Standing for Count III: Public Nuisance Claim.

"Montana law defines a public nuisance as one that affects an 'entire community or neighborhood or any considerable number of persons.'" *Tally Bissell Neighbors, Inc. v. Eyrie Shotgun Ranch, LLC*, 228 P.3d 1134, 1140 (Mont. 2010)

(citing Mont. Code Ann. § 27-30-102). A public nuisance claim may involve interference with a public resource, such as a "river," "public park," or "street." *See* Mont. Code Ann. § 27-30-101(1). "Montana adopted § 27-30-102, MCA, verbatim from California Civil Code § 3480." *Tally Bissell Neighbors, Inc.*, 228 P.3d at 1140. "When interpreting a statute borrowed from a sister state, [the Montana Supreme Court] generally follows the construction placed on the statute by the highest court of the state from which it was adopted." *Barnes v. City of Thompson Falls*, 979 P.2d 1275, 1278 (Mont. 1999) (citing *Dew v. Dower*, 852 P.2d 549, 556 (Mont. 1993)).

A public nuisance must prove "specially injurious" to a private citizen for a private citizen to maintain an action for public nuisance. Mont. Code Ann. §27-30-30; *see also* Cal. Civ. Code § 3493. A plaintiff's property interests may prove relevant to whether the plaintiff has stated a particular and special injury, but contrary to a private nuisance, a cause of action for public nuisance does not require the claimant to possess a property interest. *Orange County Water Dist. v. Sabic Innovative Plastics US, LLC*, 14 Cal. App. 5th 343, 402 (Cal. Ct. App. 2017). A private citizen's suit for public nuisance fails "unless the individual suffers or is threatened with some special, particular or peculiar injury growing out of the public wrong." *Faucett v. Dewey Lumber Co.*, 266 P. 646, 648 (Mont. 1928). A claimant must allege a harm different than that suffered by the general public in order to have statutory standing. *Id.* at 648–649; *see also Frost v. Los Angeles*, 183 P. 342, 343

(Cal. 1919). The injury suffered by the claimant must differ in kind—not merely in degree—than that suffered by the public. *Faucett*, 266 P. at 648–49.

California courts repeatedly have recognized the requirement that a private citizen experience an injury different in kind from that suffered by the general public to recover for a public nuisance. In *Birke v. Oakwood Worldwide*, the plaintiff brought a public nuisance claim against a company operating an apartment complex. 169 Cal. App. 4th 1540, 1543 (Cal. App. Ct. 2009). The plaintiff alleged that the company maintained a public nuisance by allowing occupants of its apartment buildings to smoke in the outdoor common areas. *Id.* The California Court of Appeals noted that the complaint alleged that secondhand smoke caused harm to the public by increasing the risk of heart and lung disease. *Id.* at 1544. The plaintiff alleged that the nuisance specially harmed her because it exacerbated her allergies and asthmatic symptoms. *Id.* The California Court of Appeals emphasized that "the aggravation of Birke's childhood asthma and chronic allergies alleged in the first amended complaint is not at all similar to the increased risks of heart disease and lung cancer [experienced by] the general public." *Id.* at 1550.

The California Court of Appeals again recognized the need for particular and specific harm in *Hacala v. Bird Rides, Inc.* 90 Cal. App. 5th 292, 327 (Cal. App. Ct. 2023.) In *Hacala*, the California Court of Appeals determined that Bird "created a public nuisance by obstructing public sidewalks and creating tripping hazards that

the general public must avoid" through its system of leaving Bird scooters along public sidewalks. *Id.* The California Court of Appeals contrasted this harm with the specific harm alleged by the plaintiff—that she actually had tripped over a scooter and had sustained physical injury. *Id.*

The Ninth Circuit also analyzed the "specially injurious" requirement under California law in *Oppen v. Aetna Ins. Co.* 485 F.2d 252, 254 (9th Cir. 1973). The Ninth Circuit addressed nuisance claims brought by boat owners following an oil spill that contaminated the Santa Barbara Channel and harbor. *Id.* The boat owners asserted a claim for damages for public nuisance on the basis that the oil spill had interfered with their rights to navigate the Santa Barbara Channel. *Id.* at 259. The Ninth Circuit recognized that interference with the public's right of navigation constituted a public nuisance. *Id.* The Ninth Circuit emphasized, however, that "[a] civil action for damages arising out of a public nuisance cannot be brought by a private litigant unless he has been specially injured." *Id.* The Ninth Circuit determined that the boat owners' loss of navigation rights proved "no different in kind from that suffered by the public generally." *Id.* at 260.

Cottonwood asserts that Patagonia possesses economic and conservation interests in the Gallatin River and its tributaries. (Doc. 24, ¶ 4.) Cottonwood contends that Yellowstone Club's discharge of treated wastewater causes algae pollution that harms "Patagonia's economic bottom line" because the pollution

reduces the desire to swim, fish, and or recreate in the river. (*Id.*, ¶ 5.) The alleged economic harm suffered by Chouinard likely differs in kind from the harm allegedly experienced by the general public. *Birke*, 169 Cal. App. 4th at 1543. Cottonwood failed to allege such harm in its Amended Complaint.

The Court reviews a motion to dismiss for lack of statutory standing under Fed. R. Civ. P. 12(b)(6). *Bonanini*, 2020 U.S. Dist. LEXIS 111680, at *4. "[W]hen the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), 'review is limited to the complaint.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)). The Court may not consider material outside the pleadings when deciding a Rule 12(b)(6) motion except where the material proves subject to judicial notice or properly has been submitted as part of the complaint. *Lee*, 250 F.3d at 688. Cottonwood's Amended Complaint alleges only that Yellowstone Club's conduct has caused algae pollution that "obstruct[s] the public and Cottonwood members' use" of the Gallatin River for fishing, swimming, and rafting. (Doc. 13, ¶ 49.)

Cottonwood failed to submit properly Chouinard's affidavit as part of its complaint or Amended Complaint. (Doc. 1; Doc. 13.) Cottonwood filed Chouinard's affidavit on September 4, 2023, five days after the hearing on Yellowstone Club's motion to dismiss. (Doc. 24.) Chouinard's economic interest in Patagonia and any alleged harm to it are not subject to judicial notice. *See* Fed. R. Evid. 201(b). The

9

Court may not consider these matters in deciding Yellowstone Club's motion to dismiss for lack of statutory standing under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Lee*, 250 F.3d at 688.

      Cottonwood further has failed to demonstrate that the claim asserted or the relief requested would not require Chouinard's participation. Any claimed economic interest would require substantial participation on Chouinard's and Patagonia's part to determine whether Yellowstone Club's alleged conduct caused harm to Chouinard's or Patagonia's economic interest. The need for Chouinard to participate to establish any interest or harm demonstrates that Cottonwood also likely fails to meet the *Hunt* criterion of having the organization's interest encompass the member's interest. 432 U.S. at 343. Chouinard's alleged injury appears to fail to support Cottonwood's claim for organizational standing under *Hunt* because Cottonwood and Chouinard would be required to participate in the case and because Cottonwood failed to allege particular harm to Chouinard's economic interests in its complaint, Amended Complaint, or any documents accompanying its claims. (Doc. 1; Doc. 13.) Chouinard's alleged injury cannot support Cottonwood's claim for organizational standing with regard to the Amended Complaint. *Hunt*, 432 U.S. at 343.

      Cottonwood also argues that O'Connor, a Cottonwood member, possesses an interest in fishing the Gallatin River. (Doc. 25, ¶ 3.) The Court may not consider

O'Connor's affidavit for the same reasons that it cannot consider Chouinard's affidavit. Cottonwood failed to submit properly O'Connor's affidavit as part of its complaint or Amended Complaint. (Doc. 1; Doc. 13.) Cottonwood waited until September 5, 2023, to file O'Connor's affidavit. (Doc. 25.) O'Connor's interest in fishing in the Gallatin River and any alleged harm to it are not subject to judicial notice. *See* Fed. R. Evid. 201(b). The Court may not consider these matters in deciding Yellowstone Club's motion to dismiss for lack of statutory standing under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Lee*, 250 F.3d at 688.

Even if the Court could consider O'Connor's affidavit, O'Connor merely states that he does not want to fish in water polluted by Yellowstone Club. (*Id.*, ¶ 4.) The Court questions whether O'Connor alleges any unique or specialized injury stemming from Yellowstone Club's alleged dumping of treated wastewater in the Gallatin River that differs from the harm allegedly suffered by the general public. (*See id.*; *Compare Oppen*, 485 F.2d at 260.) O'Connor alleges an injury broadly shared by local fishing enthusiasts. The Court recognizes that O'Connor's injury differs from those injuries suffered by the general public who swim, boat, or recreate in the Gallatin River. The Court would be required to decide, however, whether the alleged harm suffered to O'Connor's fishing pursuits equate to the more specific harm suffered by the plaintiffs in *Birke*, 169 Cal. App. 4th at 1543 (aggravation of childhood asthma and chronic allergies), or more to the general harm suffered by the

11

plaintiffs in *Oppen*, 485 F.2d at 254 (loss of navigation rights caused by pollution from oil spill). The Court reserves this determination until such time as Cottonwood files a new complaint that alleges this type of injury by one of its members.

Cottonwood fails to allege a particular and special injury that it suffers from the Yellowstone Club's alleged dumping of treated wastewater that other persons in the community do not suffer. (*See* Doc. 13.) Cottonwood contends that Yellowstone Club's alleged discharges into the Gallatin River obstruct "the public and Cottonwood members' use" of the Gallatin River "for fishing, rafting, and swimming." (*Id.*, ¶ 49.) This language appears to indicate that Cottonwood's alleged harm proves largely the same as that suffered by the public. Cottonwood lacks statutory standing to bring a public nuisance claim pursuant to Mont. Code Ann. §27-30-103. Cottonwood has provided no legal authority to support its claim for standing in the absence of a specific, personalized injury.

The Court will dismiss this claim for failure to state a claim under Fed. R. Civ. P. 12(b)(6). "'Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.'" *Maya v. Centex Corp.*, 658 F.3d 1060, 1072 (9th Cir. 2011) (quoting *Krainski v. Nev. ex rel. Bd. of Regents of Nev. System of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010)); *Smith v. Johnson*, No. 22-35766, 2023 U.S. App. LEXIS 27560, at *1 (9th Cir. Oct. 17, 2023) (remanding to correct judgment to dismissal without prejudice)

(unpublished). It proves unclear whether Cottonwood has members who would suffer particularized and distinct injuries from those suffered by the public such that they could support statutory standing for the public nuisance claim. The Court will dismiss Cottonwood's public nuisance claim without prejudice, permitting Cottonwood to amend.

### b. Whether Cottonwood Possesses Standing for Count II: Criminal Nuisance Claim.

Yellowstone Club has sought dismissal of Count II of Cottonwood's Amended Complaint on the basis that private parties lack standing to enforce criminal violations. (Doc. 17 at 12–13.) Cottonwood failed to file a brief in response to Yellowstone Club's motion to dismiss. Cottonwood argued at the hearing on Yellowstone Club's motion to dismiss that Montana's criminal nuisance statute provides standing for private citizens to initiate actions.

Cottonwood cited to Section 45-8-112(1) of the Montana Code Annotated:

> A public nuisance may be abated and the persons maintaining the nuisance and the possessor of the premises who permits the nuisance to be maintained may be enjoined from the conduct by an action in equity in the name of the state of Montana by the county attorney or any resident of the state.

(*Id.*) Cottonwood relies on the language "or any resident of the state" for the premise that private citizens may institute criminal public nuisance actions. Cottonwood offers no case citation or other legal authority to support the proposition that a private person or group may assert a criminal nuisance claim. "[A] private citizen lacks a

13

judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). A private citizen possesses "no authority to initiate a federal criminal prosecution of [a] defendant[] for their alleged unlawful acts." *Kafele v. Frank & Woolridge Co.*, 108 Fed. App'x. 307, 308–09 (6th Cir. 2004).

The Court finds no support for Cottonwood's standing to assert a claim under Montana's criminal nuisance statute. Even if state law permitted citizens to prosecute violations of Mont. Code Ann. § 45-8-112, "federal courts are without jurisdiction to try alleged criminal violations of state statutes." *Beal v. Missouri P.R. Corp.*, 312 U.S. 45, 49–50 (1941). Cottonwood lacks constitutional standing to assert a claim for criminal nuisance under Mont. Code Ann. § 45-8-112. "[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction." *Shulman*, 58 F.4th at 407 n.1 (quoting *Naruto*, 888 F.3d at 425 n.7).

The Court will dismiss this claim for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). "Dismissals for lack of Article III jurisdiction must be entered without prejudice because a court that lacks jurisdiction 'is powerless to reach the merits.'" *Barke v. Banks*, 25 F.4th 714, 721 (9th Cir. 2022) (quoting *Fleck & Assocs., Inc. v. Phoenix, City of, an Ariz. Mun. Corp.*, 471 F.3d 1100, 1106-07 (9th Cir. 2006)). The Court will dismiss Cottonwood's criminal nuisance claim without prejudice.

14

## II. Motion for Attorney Fees, Costs and Stay of the Proceedings

Yellowstone Club also filed a motion for attorney fees and costs under Rule 41(d). (Doc. 7.) Yellowstone Club contends that Cottonwood pursued *Cottonwood I* in bad faith. Yellowstone Club cites the fact that Cottonwood dismissed *Cottonwood I* on the same grounds asserted in Yellowstone Club's Motion to Dismiss but waited nearly four months to do so. Cottonwood argues that Rule 41(d) applies only where the plaintiff dismissed the case. Cottonwood posits that the Court dismissed the case.

### a. Whether Yellowstone Club is entitled to costs.

A court may award the costs that a party incurred in an action if the plaintiff dismissed that action and filed another suit "based on or including the same claim against the same defendant." Fed. R. Civ. P. 41(d); *Moskowitz v. Am. Sav. Bank, F.S.B.*, 37 F.4th 538, 542–43 (9th Cir. 2022). Cottonwood argues that the Court dismissed *Cottonwood I*. The docket demonstrates that Cottonwood filed a notice of voluntary dismissal under Rule 41(a)(1)(A)(i) on October 4, 2021. (*Cottonwood I*, Doc. 63.) "A voluntary dismissal by a plaintiff under Rule 41(a) (1) Fed.R.Civ.P., automatically terminates the action upon the filing of the dismissal with the clerk." *Miller v. Reddin*, 422 F.2d 1264, 1266 (9th Cir. 1970).

Cottonwood's notice of dismissal automatically dismissed *Cottonwood I* on October 4, 2022, prior to the Court dismissing the action. Rule 41(d) applies. Cottonwood did not contend that the claim in this case differs from the claim asserted

15

in *Cottonwood I*. Cottonwood asserted a CWA claim against Yellowstone Club in *Cottonwood I* and does so here. Cottonwood also failed to argue that awarding costs would be unreasonable based on the four-month delay. Rule 41(d) entitles Yellowstone Club to costs.

### b. Whether attorney's fees can be included as costs under Rule 41(d).

"Rule 41(d) 'costs' do not include attorney's fees as a matter of right." *Moskowitz*, 37 F.4th at 545. The Ninth Circuit has yet to decide whether Rule 41(d) costs include attorney's fees where the underlying statute provides for such fees or where a party acts in bad faith. *Id.* at 546; *Ortega v. Am. Honda Motor Co., Inc.*, CV-22-04276-FLA, 2023 U.S. Dist. LEXIS 144679, at * 7–8 (C. D. Cal. March 24, 2023). The Second, Fourth, and Tenth Circuits permit an award of attorney's fees under Rule 41(d) where "there is proof of bad faith, vexatiousness, wanton actions, or forum shopping in the filing of the original action." *Moskowtiz*, 37 F.4th at 544. The Third, Fourth, Fifth, and Seventh Circuits permit an award of attorney's fees under 41(d) "if the substantive statute underlying the claim provides for attorney's fees." *Id.*

Yellowstone Club argues that they would be entitled to such an award under both theories. The statute underlying Cottonwood's claim, the CWA, provides for attorney's fees. The Citizen Suit provision of the CWA provides that "[t]he court, in issuing any final order in any action brought pursuant to this section, may award

costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate." 33 U.S.C. § 1365(d). An award of attorney's fees proves appropriate under the CWA only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Razore v. Tulalip Tribes*, 66 F.3d 236, 240 (9th Cir. 1995) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)); *see also Catchpole v. Wagner*, No. C 09-5065, 2010 U.S. Dist. LEXIS 102485, at *1–2 (W.D. Wash. August 6, 2010). Yellowstone Club argues that the clear deficiencies in the *Cottonwood I* complaints constituted a frivolous and unreasonable action. (Doc. 8 at 8–11.) Yellowstone Club further contends that these deficiencies demonstrate bad faith and vexatiousness. (*Id.*)

*Cottonwood I* possessed deficiencies in its pleadings, as evidenced by the Court's order of dismissal. Yellowstone Club has failed to demonstrate, however, that *Cottonwood I* rose to the level of frivolous, bad faith, or vexatiousness. Yellowstone Club cited *Catchpole v. Wagner* as support for its argument on vexatiousness. (Doc. 8, 10–11.) *Catchpole* involved more egregious facts. The parties in *Catchpole* previously had engaged in a dispute over the easement that the defendant held on the plaintiff's property. *Id.*, 2010 U.S. Dist. LEXIS 102485, at *7–8. The plaintiff filed a CWA action against the defendant after having received

17

confirmation from the Army Corps of Engineer that the defendant's activities were permitted and did not impact the waters of the United States. *Id.* at *8–9. The plaintiff then offered to settle the action if the defendant would give up her rights to most of her easement. *Id.* at *9. The history between the parties, the conclusive investigation by the Army Corps of Engineers, and the evidence that the plaintiff sought to use the lawsuit as leverage to defeat the easement demonstrated bad faith. *Id.* at *10. Yellowstone Club has failed make a similar showing.

Either theory that Yellowstone Club offers for awarding attorney's fees under Rule 41(d) depends upon a showing of bad faith or vexatiousness. Yellowstone Club has failed to make a showing of bad faith or vexatiousness. As such, the Court will abstain from deciding whether Rule 41(d) permits attorney's fees as "costs."

## CONCLUSION

The Court grants Yellowstone Club's Partial Motion to Dismiss the Amended Complaint and dismisses Count II and Count III without prejudice. The Court grants Yellowstone Club's Motion for Attorney Fees, Costs or for a Stay of the Proceedings to the extent it requests the costs of litigation. The Court denies Yellowstone Club's Motion for Attorney Fees, Costs or for a Stay of Proceedings to the extent it requests attorney's fees.

## ORDER

Accordingly, **IT IS ORDERED:**

1.) Yellowstone Club's Motion to Dismiss Count II and Count III of the Amended Complaint (Doc. 17) is **GRANTED**.

2.) Count II and Count III of Cottonwood's Amended Complaint (Doc. 13) are hereby dismissed without prejudice.

3.) Yellowstone Club's Motion for Attorney Fees, Costs or for a Stay of Proceedings (Doc. 7) is **GRANTED** to the extent it requests the costs of litigation associated with *Cottonwood I*.

4.) Yellowstone Club must submit an accounting of their costs of litigation from *Cottonwood I* to this Court within thirty (30) days for review.

5.) Yellowstone Club's Motion for Attorney Fees, Costs or for a Stay of Proceedings (Doc. 7) is **DENIED** to the extent that it seeks attorney's fees.

DATED this 25th day of October, 2023.

_____
Brian Morris, Chief District Judge
United States District Court