# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER, | Cause No. CV-23-26-BU-BMM |
| Plaintiff, | ORDER |
| vs. | |
| YELLOWSTONE MOUNTAIN CLUB, LLC, | |
| Defendant. | |

## INTRODUCTION

Yellowstone Mountain Club, LLC ("Yellowstone Club") filed a Motion for Attorney Fees, Costs, and Stay of Proceedings on June 26, 2023. (Doc. 7.) The Court granted Yellowstone Club's motion for costs under Rule 41(d) of the Federal Rules of Civil Procedure to the extent that Yellowstone Club sought to recover costs of litigation associated with Cottonwood's prior suit, *Cottonwood Env't Law Ctr., et al., v. Yellowstone Mountain Club, LLC, et al.*, No. CV-21-93-BU-BMM ("*Cottonwood I*"). (Doc. 26 at 19.) The Court denied Yellowstone Club's motion to the extent that Yellowstone Club sought to recover attorney's fees related to *Cottonwood I*. (*Id.*) The Court ordered Yellowstone Club to submit an accounting of its costs of litigation associated with *Cottonwood I*. (*Id.*)

1

Yellowstone Club submitted an affidavit from one of Yellowstone Club's attorneys which reported the costs of litigation to be $1,977.38. (Doc. 28 at 3.) The breakdown of costs is as follows: (1) $1,009.38 for air fare, car rental, and airport parking; (2) $801.04 for lodging; (3) $65.17 for meals; and (4) $101.79 in mileage. (*Id.* at 4.) Yellowstone Club provided receipts to support these costs incurred by Yellowstone Club. (Doc. 28-1.) Cottonwood did not file a response objecting to these costs.

"Rule 41(d) allows a court to award 'costs' incurred in litigation to a party if the plaintiff dismissed that litigation and then filed another suit based on the same claims, against the same defendant." *Moskowitz v. Am. Sav. Bank, F.S.B.*, 37 F.4th 538, 542–43 (9th Cir. 2022). The Court found that Cottonwood's conduct in dismissing *Cottonwood I* and then filing this suit, alleging the same claim against the same defendant entitled Yellowstone Club to costs. The Court rejected Yellowstone Club's request for attorney's fees as "costs." Similarly, the Court will reject the travel, lodging, and meal expenses that Yellowstone Club now seeks as "costs."

The term "costs" is generally understood to encompass expenses like "filing fees, jury fees, courthouse fees, and reporter fees." COST, Black's Law Dictionary (11th ed. 2019). Section 1920 of Title 28 of the United States Code outlines the type of expenses that the Court may tax as costs to include:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title [28 USCS § 1923];
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

28 U.S.C. § 1920. Neither the statute that allows for the Court to tax costs, nor the general understanding of the term "costs" include travel expenses. Yellowstone Club has offered no explanation as to why its travel, lodging, and meal expenses should be considered litigation costs.

This Court joins other district courts in disallowing claims for travel expenses as Rule 41(d) "costs." A California district court in *Van v. Language Line Servs.* awarded costs pursuant to Rule 41(d) for costs incurred for filing, postage and delivery services, and transcripts. Case No. 14-CV-03791-LHK, 2015 U.S. Dist. LEXIS 6395, at *19–21 (N.D. Cal. Jan. 16, 2015) (*vacated, in part* by *Van v. Language Line Servs.*, Case No. 14-CV-03791-LHK, 2015 U.S. Dist. LEXIS 167773 (N.D. Cal. Dec. 14, 2015)). The district court rejected, however, the claimed travel costs. *Van*, 2015 U.S. Dist. LEXIS 6395, at *21–22. The district court found that the defendants had "offer[ed] no reason why travel expenses, including hotel

stays and meals are appropriate costs under Rule 41(d), or any explanation for why those costs were reasonably necessary." *Id.*

The Court recognizes that other district courts have permitted parties to recover expenses associated with attending court hearings such as travel expenses. *See Zucker v. Katz*, No. 87 Civ. 7595 (SWK), 1990 U.S. Dist. LEXIS 1748, at *7–8 (S.D. N.Y. Feb. 21, 1990); *Sammons v. Economou*, SA-18-CA-194-FB (HJB), 2018 U.S. Dist. LEXIS 224768, at *17–18 (W.D. Tex. Oct. 10, 2018). The Court notes, however, that these district courts reside in circuits that have approved the award of attorney's fees as costs under Rule 41(d). The Ninth Circuit has not yet approved these types of costs. *Moskowitz*, 37 F.4th at 543–44. The Court finds no grounds for extending beyond the statutory definition of costs, as defined by 28 U.S.C. § 1920. The Court declines to impose as Rule 41(d) costs the travel expenses incurred by Yellowstone Club's attorneys.

## ORDER

Accordingly, **IT IS ORDERED** that Yellowstone Club's bill of costs is **DENIED**.

DATED this 8th day of January, 2024.

_____
Brian Morris, Chief District Judge
United States District Court