John Meyer
MT Bar No. 11206
COTTONWOOD ENVIRONMENTAL LAW CENTER
P.O. Box 412 Bozeman, MT 59771
John@cottonwoodlaw.org
406.546.0149

F. Aaron Rains
MT Bar No. 60953850
1925 Monroe Ave. Butte, MT, 59701
f.aaronrains@gmail.com
406.241.3610

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER, <br><br> *Plaintiff*, <br><br> v. <br><br> YELLOWSTONE MOUNTAIN CLUB, LLC, <br><br><br> *Defendant.* | 2:23-cv-00026-BMM <br><br> **PLAINTIFF'S MOTION FOR CLARIFICATION** |

On April 15, 2025, Plaintiff Cottonwood Environmental Law Center ("Cottonwood") will be conducting a second Rule 34 Site Investigation of certain areas of the Yellowstone Club as part of its Clean Water Act lawsuit. (Doc. 72). Cottonwood now seeks clarification regarding photography and sampling.

The Court's order (Doc. 72 at 4, ¶3) adopts the Yellowstone Club's proposed terms regarding photography and video. (Doc. 70-1 at 6, ¶7). In particular, the agreement allows Cottonwood to take photographs and video of the areas to be inspected. *Id.* The agreement is silent on the use of a drone to take photographs and video of the area to be inspected. A drone is necessary given the deep snow, limited time, and large area that needs to be inspected.

Cottonwood reached out to the Yellowstone Club to confirm its use of a drone, at which time the resort informed Cottonwood that, "[t]he Access Agreement specifies the site activities that are allowed, and drone operation is not included in the terms of the agreement and would be inconsistent with Paragraph 1." Ex. 1. Paragraph 1 of the Access Agreement specifies where and when samples can be taken. Paragraph 7 of the Access Agreement addresses photography.

The Yellowstone Club inserted language into Paragraph 7 of last year's Access Agreement that explicitly forbid the use of drones: "[n]either Cottonwood nor Cottonwood's Agents may use a drone to take photographs or video footage or for any other purpose." Ex. 1. Because Paragraph 7 the 2025 Access Agreement is silent on drone usage and does not expressly incorporate the terms of the 2024 Access Agreement,

the restriction cannot be enforced. *See Tuttle v. Front Street Affordable Housing Partners,* 478

F. Supp. 3d 1030, 1045 (D. Haw. 2020) (collecting cases).

The second issue Cottonwood seeks clarification on is whether it can monitor for

discharge at the end of the discharge pipe of Hole 4 water hazard that will be dyed. In its

opposition to the second Rule 34 Investigation, the Yellowstone Club told the Court:

> The Hole 4 Pond has an outlet but does not discharge to surface waters. An
> overflow pipe allows water to exit the pond if the water level rises too much.
> Water flows into the pipe *only during snowmelt or after significant rain events.*

Doc. 59 at 9 (Internal citations omitted and emphasis added). Schematics provided by the

Yellowstone Club show the outlet creates "Unnamed Tributary 4" that does in fact

discharge to waters of the United States. Ex. 2. Courts have repeatedly held that "a

tributary of waters of the United States is itself a water of the United States." *U.S. v.

Moses,* 496 F.3d 984, 988 n. 8 (9th Cir. 2007), cert. denied, 554 U.S. 918, 128 S. Ct.

2963, 171 L. Ed. 2d 886 (2008); *United States v. Moses,* 496 F.3d 984, 988 (9th Cir.

2007); *N. Cal. River Watch v. City of Healdsburg,* 496 F.3d 993, 997 (9th Cir. 2007), cert.

denied, 552 U.S. 1180 (2008) (citing *United States v. Riverside Bayview Homes, Inc.,* 474

U.S. 121 (1985).

Cottonwood has obtained video via discovery from the Yellowstone Club

showing the Hole 4 water hazard outlet pipe discharging when it is not raining and no

snow is melting. Two of Cottonwood's experts—Ph.D researchers from the Montana

State University and the University of Maryland, have determined the Hole 4 water

hazard contains treated effluent. Ex. 3 at 5; Ex. 4. The Court's order allowing

Cottonwood to complete a second Rule 34 investigation does not explain why

Cottonwood cannot sample at the end of the Hole 4 Pipe. If the Yellowstone Club

believes it will be prejudiced by the sampling, it can file a motion in limine to prevent the

use of the data at the jury trial. In contrast, Cottonwood will not be able to take samples

again.



Discharge from Hole 4 water hazard pipe when it is not raining and snow is not

melting. YC_012538.

Respectfully submitted this 2nd day of April, 2025.

<u>/s/ John Meyer</u>
JOHN MEYER

*Attorney for Plaintiff*